# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Crim. Nos. 08-44 Erie & |
| ) | Crim. No. 09-19 Erie |
| ) | |
| ) | |
| SAMUEL TIRADO ) | |

## OPINION

Presently before the Court is Samuel Tirado's Motion for Relief Pursuant to 18 U.S.C. §3582 28 U.S.C. §§ 1651, 2201, 2202. For the reasons that follow we will deny the motion.

On May 13, 2009, Mr. Tirado plead guilty to a one-count Indictment charging him with possession with intent to distribute and distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). On that same date, Mr. Tirado waived the filing of an Indictment and plead guilty to a three-count Information charging him with two counts of possession with intent to distribute and distribution of less than 5 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of possession with intent to distribute and distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

Pursuant to the Sentencing Guidelines, Mr. Tirado's offense level was determined to be 30 and his criminal history category was IV. Thus, his advisory guideline range was 135 to 168 months' imprisonment. We applied a 1-to-1 crack to powder ratio to calculate an offense level of 17, making Mr. Tirado's initial alternative sentencing range, 37 to 46 months' imprisonment.

However, because there was a 120-month statutory mandatory minimum sentence at Count 1 of Criminal No. 08-44 E, and a 60-month statutory mandatory minimum sentence at Count 3 of Criminal No. 09-19 E, we found that the minimum sentence Mr. Tirado faced was 120 months.

On October 5, 2009, we sentenced Mr. Tirado to a total term of imprisonment of 160 months. As we explained at sentencing, we found aggravating factors present in Mr. Tirado's case that compelled a sentence above the mandatory minimum. Mr. Tirado was initially indicted at Criminal No. 08-44 Erie on August 13, 2008, at which he faced a 120 month mandatory minimum sentence for the offense in that indictment. While on bond on that indictment, he then committed additional offenses resulting in a 3-count information at Criminal No. 09-19 Erie. We concluded that to merely impose the mandatory minimum sentence of 120 months would be no punishment at all for the additional offenses committed while Mr. Tirado was on bond.

On February 22, 2010, approximately three months after the deadline for filing a timely appeal, Mr. Tirado appealed his sentence at Criminal No. 09-19 Erie. Accordingly, on July 9, 2010, the appeal was dismissed for lack of jurisdiction.

On December 6, 2010, Mr. Tirado filed the instant motion at both criminal numbers. By letter dated January 3, 2010, Mr. Tirado requested that his motion for relief pursuant to section 3582(c) be recharacterized as a motion pursuant to 28 U.S.C. § 2255. (Doc. 26 at Criminal No. 09-19 Erie).[1] We will grant Mr. Tirado's motion to re-characterize his earlier motion as a 2255 petition. It appears that while his motion for relief pursuant to 3582(c) was pending Mr. Tirado learned that his circumstances do not qualify under that section for resentencing. Our review of the motion shows that none of the prerequisites set forth in 18 U.S.C. § 3582(c) ("Modification of an imposed term of imprisonment") have been met. We are confident that Mr. Tirado

---

[1] Mr. Tirado's letter was only filed at Criminal No. 09-19 Erie, however it should have been also filed at Criminal No. 08-44 Erie. Therefore, we will direct the Clerk of Courts to file Mr. Tirado's letter at Criminal No. 08-44 Erie.

proceeding pro se likely meant to file a 2255 petition initially. This is further confirmed as the content of his motion does not appear to have any basis under section 3582(c). Specifically, Mr. Tirado seeks relief on the basis that the Anti-Drug Abuse Act is unconstitutional.

We will deny Mr. Tirado's motion for three reasons: (1) Mr. Tirado waived his right to file a section 2255 petition in his plea agreement; (2) his section 2255 petition is untimely; and (3) there is no merit to his argument that the Anti-Drug Abuse Act is unconstitutional.

Initially we must address the fact that Mr. Tirado agreed in his Plea Agreement to waive his right to file a motion to vacate.

"A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." United States v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001), citing United States v. Mezzanatto, 513 U.S. 196, 201 (1995). Such waivers are enforceable "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008), citing Khattak, 273 F.3d at 561.

We have "an independent obligation to conduct an evaluation of the validity of a collateral waiver." Mabry, 536 F.3d at 238. Specifically, we must examine the "(1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." Mabry, 536 F.3d at 237. "Whereas a defendant bears the burden of presenting an argument that would render his waiver unknowing or involuntary, a court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it." Id. at 237-238, citing Khattak, 273 F.3d at 563.

3

Pursuant to his Plea Agreement, Mr. Tirado agreed to waive his right to take a direct appeal, except that he was permitted to take a direct appeal only if the United States appeals from the sentence, or if the sentence exceeds the statutory limits or unreasonably exceeds the guideline range. (Plea Agreement, ¶ A4(a) & A4(b).) Mr. Tirado also agreed to waive his right to file a motion to vacate sentence under 28 U.S.C. § 2255 attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence. (Plea Agreement, ¶ A4.) Mr. Tirado signed the Plea Agreement acknowledging that he understood the terms of the Agreement. We find the terms of the Plea Agreement to be sufficient and clear with regard to the waiver of collateral rights.

The knowing and voluntary nature of Mr. Tirado's waiver was reinforced during the plea colloquy we conducted. Mr. Tirado was determined to be competent to plead. We explained to him what his rights would be if he went to trial. The counts in the indictment and information were read to Mr. Tirado, as well as what the government would have to prove at trial with respect to the charges. We also explained the penalties Mr. Tirado would be subject to. Mr. Tirado indicated that he understood the penalties.

The terms of the plea agreement were explained to Mr. Tirado. In particular, it was explained to Mr. Tirado that the plea agreement included the waiver of the right to file a motion to vacate sentence under 28 U.S.C. § 2255. Mr. Tirado never indicated that he did not understand any of the terms of the plea agreement. Federal Rule of Criminal Procedure 11(b)(1)(N) requires that before accepting a plea of guilty, the district court must "inform the defendant of, and determine that the defendant understands…the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed.R.Crim.P. 11(b)(1)(N). Having presided at Mr. Tirado's hearing, we find that Mr. Tirado's guilty plea was

4

knowing and voluntary and that specifically, his waiver of his collateral rights was knowing and voluntary.

We next address whether enforcement of the waiver "would work a miscarriage of justice in this case." Mabry, 536 F.3d at 239. We are to use a "common sense approach" and "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." Id. at 242-243. There is no identified list of specific circumstances to consider before invalidating a waiver as involving a miscarriage of justice. Id. However, the Third Circuit has "endorsed the methodology of the Court of Appeals for the First Circuit," and instructed that we should consider "'the clarity of the error, its gravity, its character (*e.g.*, whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result...'" Id. at 242-243, quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001).

As stated previously, Mr. Tirado seeks to have the Anti-Drug Abuse Act of 1986 declared unconstitutional. Specifically, he argues that Congress exceeded its authority under the Commerce Clause in enacting the Anti-Drug Abuse Act, and in addition that the Anti-Drug Abuse Act violates the Equal Protection Clause. We find no merit to Mr. Tirado's contention that the Anti-Drug Abuse Act is unconstitutional. See United States v. Frazier, 981 F.2d 92, 95 (3d Cir.1992); see also United States v. Irizarry, 322 Fed.Appx. 153 (3d Cir.2009) (unpublished).

We therefore find that enforcing the collateral attack waiver in Mr. Tirado's plea agreement does not result in a miscarriage of justice. Having found that Mr. Tirado knowingly and voluntarily waived his right to file a collateral attack of his sentence and conviction, and that

5

enforcement of the waiver does not work a miscarriage of justice, we will deny Mr. Tirado's petition.

Even if we did not enforce the collateral waiver attack in Mr. Tirado's plea agreement, his petition would still be denied as untimely. A one-year statute of limitations period governs § 2255 actions, and this period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Mr. Tirado's judgment of conviction was entered on October 7, 2009, and became final on October 17, 2009. Mr. Tirado had until October 2010 to timely file his 2255 petition. However, he did not file his petition until December 2010. Thus, absent the waiver contained in Mr. Tirado's plea agreement, his petition would be dismissed as untimely.

The remaining issue before this Court is whether a certificate of appealability should be issued with respect to Mr. Tirado's motion to vacate. A court should issue a certificate of appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this burden by showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000). We find that jurists of reason would not find it debatable whether Mr. Tirado states a valid claim of the denial of a constitutional right

and jurists of reason would not find it debatable whether we were correct in concluding that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

The following Order is hereby entered.

AND NOW, to-wit, this __10th__ day of February, 2011, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion for Relief Pursuant to 18 U.S.C. §3582 28 U.S.C. §§ 1651, 2201, 2202 (Doc. No. 49 at Cr. No. 08-44 Erie & Doc. 25 at Cr. 09-19 Erie) re-characterized as a Motion to Vacate pursuant to 28 U.S.C. § 2255, be and hereby is DENIED.

The court declines to issue a Certificate of Appealability.

The Clerk of Courts is hereby directed to file Document No. 26 (filed at Criminal No. 09-19 Erie) at Criminal No. 08-44 Erie.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Samuel Tirado, pro se
No. 61335-054
FCI Fairton
P.O. BOX 420
Fairton, NJ 08320

Counsel of record