**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Crim. No. 08-44 Erie &** |
| | ) | **Crim. No. 09-19 Erie** |
| | ) | |
| | ) | |
| **SAMUEL TIRADO** | ) | |

**OPINION**

Defendant Samuel Tirado filed a *pro se* Motion for Retroactive Application of

Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582(c) for a reduction

of sentence. ECF No. 30 at Cr. 09-19 Erie, and ECF No. 52 at Cr. No. 08-44 Erie. The Federal

Public Defender was appointed to represent Mr. Tirado in this matter, and subsequently filed a

motion pursuant to section 3582(c) on behalf of Mr. Tirado. ECF No. 31 at Cr. 09-19 Erie, and

ECF No. 54 at Cr. No. 08-44 Erie. The government has responded to the motion and thus the

issue is ripe for resolution. ECF No. 32 at Cr. 09-19 Erie, and ECF No. 55 at Cr. No. 08-44 Erie.

For the reasons that follow we will grant Mr. Tirado's motion.

> **I.**   **Background**

On May 13, 2009, Mr. Tirado plead guilty to a one-count Indictment charging him with

possession with intent to distribute and distribution of 50 grams or more of cocaine base, in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). On that same date, Mr. Tirado waived

the filing of an Indictment and plead guilty to a three-count Information charging him with two

counts of possession with intent to distribute and distribution of less than 5 grams of cocaine

base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of possession with

intent to distribute and distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

Pursuant to the Sentencing Guidelines, Mr. Tirado's offense level was determined to be 30 and his criminal history category was IV. Thus, his advisory guideline range was 135 to 168 months' imprisonment. We applied a 1-to-1 crack to powder ratio to calculate an offense level of 17, making Mr. Tirado's initial alternative sentencing range, 37 to 46 months' imprisonment. However, because there was a 120-month statutory mandatory minimum sentence at Count 1 of Criminal No. 08-44 E, and a 60-month statutory mandatory minimum sentence at Count 3 of Criminal No. 09-19 E, we determined that under our alternative sentencing range the minimum sentence Mr. Tirado faced was 120 months.

On October 5, 2009, we sentenced Mr. Tirado to a total term of imprisonment of 160 months. As we explained at sentencing, we found aggravating factors present in Mr. Tirado's case that compelled a sentence above the mandatory minimum. Mr. Tirado was initially indicted at Criminal No. 08-44 Erie on August 13, 2008, at which he faced a 120 month mandatory minimum sentence for the offense in that indictment. While on bond on that indictment, he then committed additional offenses resulting in a 3-count information at Criminal No. 09-19 Erie. We concluded that to merely impose the mandatory minimum sentence of 120 months would be no punishment at all for the additional offenses committed while Mr. Tirado was on bond.

On February 22, 2010, approximately three months after the deadline for filing a timely appeal, Mr. Tirado appealed his sentence at Criminal No. 09-19 Erie. Accordingly, on July 9, 2010, the appeal was dismissed for lack of jurisdiction.

On December 6, 2010, Mr. Tirado filed Motion for Relief Pursuant to 18 U.S.C. §3582 28 U.S.C. §§ 1651, 2201, 2202, which he subsequently requested that we treat as a motion pursuant to 28 U.S.C. § 2255. ECF No. 26 at Cr. No. 09-19 Erie, and ECF No. 50 at Cr No. 08-44 Erie. Mr. Tirado sought relief on the basis that the Anti-Drug Abuse Act is unconstitutional. We denied Mr. Tirado's motion finding that he had waived his right to file a section 2255 petition in his plea agreement, that his section 2255 petition was untimely, and that there was no merit to his argument that the Anti-Drug Abuse Act is unconstitutional.

## II. Discussion

On August 3, 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity between crack cocaine and powder cocaine by reducing the statutory penalties for crack cocaine. Thereafter, the United States Sentencing Commission adopted Amendment 750 to account for the changes in the Fair Sentencing Act and revised the crack cocaine guidelines commensurate with the reductions in the statute. On June 30, 2011, the Sentencing Commission Adopted Amendment 759, making the changes in Amendment 750 retroactive to offenders who are serving terms of imprisonment. Mr. Tirado thus filed a motion seeking a reduction in his sentence based on Amendment 750 pursuant to 18 U.S.C. § 3582(c).

Section 3582(c) provides in relevant part as follows:

**(c) Modification of an imposed term of imprisonment.**– The court may not modify a term of imprisonment once it has been imposed except that– . . .

**(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The "applicable policy statement" relevant here is § 1B1.10, which, among other things, excludes a court from retroactively reducing a defendant's sentence if the

amendment (here, Amendment 750) "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a).

## A. Eligibility for a Retroactive Reduction

Mr. Tirado's argument that he qualifies under section 3582(c) for a reduction in sentence based on Amendment 750 is straightforward. Prior to the Fair Sentencing Act Mr. Tirado's offense level was determined to be 30 based on the amount of crack cocaine attributable to him. Based on a criminal history category of IV and an offense level of 30, Mr. Tirado's advisory guideline sentencing range was 135 to 168 months' imprisonment.

Pursuant to Amendment 750 and the Fair Sentencing Act, for the amount of crack cocaine attributable to Mr. Tirado his offense level is calculated as 26. Based on a criminal history category of IV and an offense level of 26, Mr. Tirado's amended advisory guideline sentencing range would be 92 to 115 months' imprisonment.

Although the sentencing guidelines applicable to crack cocaine defendants have been lowered and made retroactive to defendants such as Mr. Tirado, the lowered statutory mandatory minimum penalties of the Fair Sentencing Act have not been made retroactive to defendants whose sentences became final before the passage of the Act. United States v. Reevey, 631 F.3d 110 (3d Cir. 2010). Thus, the 120-month statutory mandatory minimum sentence at Cr. No. 08-44 Erie would still apply to Mr. Tirado. Accordingly, Mr. Tirado's amended advisory guideline range would be 120 months (since the statutory minimum sentence is higher than the imprisonment range calculated by applying the guidelines). Since his applicable guideline range has been lowered from 135 to 168 months to 120 months, Mr. Tirado argues that he is eligible for a retroactive reduction in his sentence because he was "sentenced to a term of imprisonment

4

based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." 18 U.S.C. § 3582(c)(2).

The government first argues that Mr. Tirado is not eligible for a retroactive reduction because he was sentenced to a statutory mandatory minimum penalty of 120 months that has not been lowered by application of Amendment 750. The flaw in the government's reasoning is its erroneous assumption that at the time of sentencing Mr. Tirado's guideline range was 120 months. It was not. Mr. Tirado's advisory guideline range at sentencing was 135 to 168 months' imprisonment. Although we varied from the applicable guideline range we did not, and could not, change the applicable guideline range.

In 2007, the Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines in which the Commission first addressed the disparities between sentences based on crack and powder cocaine. Amendment 706 lowered the ratio between crack and powder cocaine offenses. This resulted in lower guideline offense levels for crack cocaine offenses than existed before the Amendment. Amendment 706 was made retroactive to certain defendants and many defendants sought reductions in their sentences pursuant to 18 U.S.C. § 3582(c)(2).

In the nearly five years of experience of Courts addressing 3582(c) retroactive crack motions under various scenarios, case law and changes to the Guidelines have stabilized much of the questions concerning the conditions under which a court can retroactively reduce a defendant's sentence.

Relevant to the issue of the guideline range applicable to Mr. Tirado at the time of his sentence it is now clear that the appropriate guideline range is the range applicable before any departure or variance is applied. The commentary to section 1B1.10 has been amended to make it clear that a defendant's "applicable guideline range" for purposes of determining whether a

retroactive reduction is permitted is the guideline range calculated *before* consideration of any departure or variance. Application Note 1(A) states in pertinent part: "Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (*i.e.*, the guideline range that corresponds to the offense level and criminal history category . . . determined *before* consideration of any departure provision in the Guidelines Manual or any variance)." U.S.S.G. § 1B1.10, comment. (n.1(a)) (emphasis added). See also United States v. Hilliard, 2012 WL 425968 (W.D.Pa. Feb. 9, 2012); United States v. Flemming, 2012 WL 33019 (E.D.Pa. Jan 5, 2012).

In any sentence in which we vary from the advisory guideline sentence, whether a defendant is eligible for a retroactive reduction in his sentence will depend upon the advisory guideline range applicable before we varied. This case is in its own peculiar class because although we varied, we were limited in the extent of our variation to the statutory minimum, and we ended up imposing a sentence that was in the original applicable guideline range.

We announced that we were varying and calculating an alternative advisory guideline range based on a 1-to-1 ratio of crack cocaine to powder cocaine in order to be consistent in sentencing defendants convicted of crack cocaine. Because that alternative advisory guideline range was lower than the statutory mandatory minimum, we could not impose a sentence lower than 120 months. But that did not change the applicable guideline range of 135 to 168 months; it only limited the amount we could vary from the range to a low end of 120 months.

Prior to Amendment 750, Mr. Tirado's sentencing range was 135 to 168 months' imprisonment. Retroactive application of the Amendment reduces his sentencing range to 120 months. Mr. Tirado was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." 18 U.S.C. § 3582(c)(2).

We therefore conclude that Mr. Tirado is eligible for a 3582(c) retroactive reduction in sentence under Amendment 750.

## B. The Appropriate Sentence

Mr. Tirado seeks a reduction in his original sentence of 160 months to 120 months. The government argues that even if we have the authority to reduce Mr. Tirado's sentence we should decline to do so. According to the government, the factors that were present at Mr. Tirado's sentencing remain in place today. Specifically, the government focuses its argument on the fact that we imposed a sentence above the 120-month minimum in order to impose an incremental punishment on Mr. Tirado for his sale of crack cocaine while on bond in Criminal No. 08-44 Erie.

Again, it is the peculiar circumstances of this case that required us to focus on the 120-month mandatory minimum once we announced that we were applying a 1-to-1 crack to powder ratio. Once the minimum sentence we were permitted to impose was fixed at 120 months, the defendant naturally sought that sentence, while the government argued for a sentence higher than 120 months. Had we not varied from the applicable guideline range of 135 months to 168 months, the defendant would have likely argued for the low end of that range. We do not know if the government would have sought a higher sentence, but we do know that it would have been unlikely for the government to argue for a sentence higher than 135 months *based on* ensuring an incremental punishment for the second offense. This is because the guidelines themselves already account for the fact that the second offense was committed while on bond for the first offense and accordingly the guideline range was higher than it would have been had Mr. Tirado's range been calculated only for his first offense.

A review of the Presentence Report Guideline Calculations shows that the advisory guideline range of 135 to 168 months did factor in an incremental increase in penalty because Mr. Tirado committed the second offense at Cr. No. 09-19 Erie. Mr. Tirado's base offense level was 30.[1] PSR ¶ 19. This offense level was increased by 3 levels as a direct result of his committing the second offense while on release for the first offense. PSR ¶ 23. His adjusted offense level was therefore 33, which was decreased by 3 levels due to Mr. Tirado's timely acceptance of responsibility to arrive at his total offense level of 30. PSR ¶¶ 24-26, 28. As previously stated, with a criminal history category of IV, Mr. Tirado's range was 135 to 168 months' imprisonment.

If not for the 3-level increase in his base offense level (*i.e.*, if he had not committed the second offense), Mr. Tirado would have had a total offense level of 27. Under this scenario his advisory guideline range would have been calculated as 100 to 125 months' imprisonment. Due to the statutory mandatory minimum for the first offense, his actual guideline range would have been 120 to 125 months. In fact, though, his sentence range was increased at the bottom of the range by 15 months to 135, and increased at the top of the range by 43 months to 168. Putting aside a variance based on a 1-to-1 ratio, Mr. Tirado's calculated guideline range already included a substantial incremental punishment for committing the second offense.

However, we did vary from the advisory guideline range, which resulted in our viewing Mr. Tirado as facing a potential mandatory minimum sentence of 120 months. This position by the Court naturally prompted the government to argue for a term of imprisonment above the mandatory minimum. We agreed with this position because otherwise, by imposing only the

---

[1] Mr. Tirado was also charged with an additional 20.9 grams of crack cocaine as a result of the second offense, which was added to the 55.5 grams of crack cocaine attributable to him for the first offense. The additional weight could have increased Mr. Tirado's base offense level, but it did not because the total amount remained within the weight range of a base offense level of 30.

mandatory minimum sentence of 120 months we would be imposing the exact same punishment Mr. Tirado would receive if he had only committed the first offense.

Under the Fair Sentencing Act and the amended crack cocaine guidelines, however, we face a completely different scenario. The key change is in the base offense level which is calculated based upon the amount of crack cocaine attributable to Mr. Tirado. Under the amended guidelines Mr. Tirado's base offense level is 26. We again increase his offense level 3 levels as a direct result of Mr. Tirado committing the second offense while on release for the first offense. The adjusted offense level is therefore 29, which we decrease by 3 levels due to Mr. Tirado's timely acceptance of responsibility to arrive at the amended total offense level of 26. As previously stated, with a criminal history category of IV, Mr. Tirado's amended guideline range is preliminarily calculated as 92 to 115 months' imprisonment. Due to the statutory mandatory minimum for the first offense, his actual amended guideline range is increased to 120 months. That's what the Presentence Report would show for a defendant in Mr. Tirado's circumstances who faces a 120-month mandatory minimum sentence.

A defendant being sentenced after passage of the Fair Sentencing Act under the same circumstances as Mr. Tirado (two separate convictions and 76.4 grams of crack cocaine) would not face a 120-month mandatory minimum sentence because it would not apply under the Act. Instead, that defendant would face a guideline range of 92 to 115 months' imprisonment. Again, this range already has a built in incremental punishment for committing the second offense while on bond for the first offense, thus it is likely that a defendant in this situation would argue for the low end of the range while the government might, or might not, argue for a higher term of imprisonment.

In this case, however, Mr. Tirado's applicable guideline range has been lowered from a range of 135 to 168 months, to a "range" of 120 months. Mr. Tirado seeks a reduction in his sentence to 120 months. He does not seek a lower sentence within the calculated amended guideline range because the statutory minimum is higher than that range. As noted, the government requests that we do not reduce Mr. Tirado's sentence.

Based on the above analysis we cannot agree with the government that if we retroactively reduce Mr. Tirado's sentence he will "receive no punishment at all for the crimes he committed while on bond for the original indictment." Gov. Response 9. Mr. Tirado is eligible for a retroactive reduction in his sentence based on Amendment 750. It is only because the Fair Sentencing Act's new lower statutory mandatory minimums do not retroactively apply to Mr. Tirado that he is not eligible to receive a reduced sentence within the amended guideline range of 92 to 115 months. As noted, the amended range already includes an incremental punishment for having committed the second offense while on bond, therefore, the additional five months of imprisonment required to be imposed due to the 120 month mandatory minimum is above and beyond what the guidelines call for as an incremental punishment.

We will grant Mr. Tirado's motion for reduction of sentence and reduce his previously imposed sentence of 160 months to 120 months.


## ORDER

AND NOW, to-wit, this ___23rd___ day of __July__, 2012, in accordance with the above, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion to

Reduce Sentence Pursuant to Title 18 U.S.C. §3582(c)(2) (ECF No. 31 at Cr. 09-19 Erie, and ECF No. 54 at Cr. No. 08-44 Erie), be and hereby is GRANTED.

An "Order Regarding Motion for Sentence Reduction" will be entered reducing Defendant's sentence of 160 months' imprisonment to 120 months' imprisonment.

Maurice B. Cohill, W-
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:     Counsel of record